BDM Invs. v. Lenhil, Inc., 2017 NCBC 103.

STATE OF NORTH CAROLINA

COUNTY OF BRUNSWICK

BDM INVESTMENTS,

       Plaintiff,

   v.

LENHIL, INC.; LENNON HILLS, LLC;
JUDITH T. HOLLINGSWORTH, in her
official capacity as Executrix of the
ESTATE OF GLENN
HOLLINGSWORTH; and VIABLE
CORP.,

       Defendants,

   and

JUDITH T. HOLLINGSWORTH,
Executrix of the ESTATE OF GLENN
HOLLINGSWORTH,

       Third-Party Plaintiff,

   v.

IMPERIUM INSURANCE COMPANY,

       Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 449

**OPINION AND FINAL ORDER**

1.　THIS MATTER is before the Court after Plaintiff BDM Investments ("BDM") filed a Notice of Dismissal with Prejudice, dismissing its claims against Judith Hollingsworth individually and as executrix of the Estate of Glenn Hollingsworth on October 17, 2017.  The only claim remaining in this matter is

against Defendants Lenhil, Inc., Lennon Hills, LLC, and Viable Corporation (collectively "Lennon Hills Defendants"). For the reasons stated below, the Court now DISMISSES the Lennon Hills Defendants, thereby resolving all claims in this action.

*Bowden & Gardner, PC by Edwin W. Bowden for Plaintiff BDM Investments.*

*Rountree Losee LLP by George Rountree, III, Diane Pappayliou, and Andrew R. Jones for Defendant Judith T. Hollingsworth, Executrix of the Estate of Glenn Hollingsworth, Deceased.*

*The Law Offices of Oliver & Cheek, PLLC by George Mason Oliver for Defendant Lenhil, Inc., Lennon Hills, LLC, and Viable Corporation.*

Gale, Chief Judge.

2. A more detailed summary of the facts and allegations in this case is provided in the Court's past opinions. *See generally BDM Invs. v. Lenhil, Inc.*, 2014 NCBC LEXIS 32 (N.C. Super. Ct. July 21, 2014); *BDM Invs. v. Lenhil, Inc.*, 2014 NCBC LEXIS 6 (N.C. Super. Ct. Mar. 20, 2014); *BDM Invs. v. Lenhil, Inc.*, 2012 NCBC LEXIS 7 (N.C. Super. Ct. Jan. 18, 2012). For context, the Court briefly summarizes the relevant facts necessary for this Opinion and Final Order.

3. BDM brought this action against Glenn Hollingsworth ("Hollingsworth"), whose estate was substituted as a Defendant following his death, the Lennon Hills Defendants, and others for damages arising from a transaction to purchase residential lots from Lennon Hills. BDM asserted multiple causes of action against the Defendants, but its "central theory is that . . . Hollingsworth's inducement, coupled with failing to disclose his possible agency relationship with the

Lennon Hills Defendants, allows BDM to rescind the transaction." *BDM Invs.*, 2014 NCBC LEXIS 6, at *14-15.

4.      The Court dismissed other defendants and all direct and indirect claims against the Lennon Hills Defendants for their own actions, leaving only seven individual claims against Hollingsworth, his estate, or related parties. *Id.* at *41, *46-51.

5.      With leave of the Court, BDM then amended its complaint to bring a claim of vicarious liability against the Lennon Hills Defendants and a claim for piercing the corporate veil. (See Am. Compl. ¶¶ 214–234.) The Court subsequently dismissed BDM's claim for piercing the corporate veil. *See BDM Invs.*, 2014 NCBC LEXIS 32, at *15.

6.      On October 17, 2017, BDM filed a Notice of Dismissal with Prejudice, dismissing all claims against Judith T. Hollingsworth, individually and as Executrix of the Estate of Glenn Hollingsworth, the Estate of Glenn Hollingsworth, and Terry W. Hollingsworth.

7.      The Notice of Dismissal with Prejudice does not expressly dismiss the claim against the Lennon Hill Defendants for vicarious liability. However, the vicarious liability claim is contingent upon BDM establishing Hollingsworth committed wrongful acts as agents of the Lennon Hills Defendants. The Court concludes that there is no longer any viable claim against the Lennon Hills Defendants.

8.     Accordingly, the Court now dismisses all remaining claims against Defendants Lenhil, Inc., Lennon Hills, LLC, and Viable Corporation.

9.     There being no other claims remaining in this action, this action is DISMISSED against all parties with prejudice and this constitutes the Court's final resolution.

IT IS SO ORDERED, this the 16th day of November, 2017.

/s/ James L. Gale
_____
James L. Gale
Chief Business Court Judge